FRANC C. ELLIS v. MARTHA E. SANFORD Appellant, and JULIA K. HOWES.

APPEAL: REVIEW: *Finding of fraud.* A finding of fraud by the trial court will be reversed on appeal where the evidence as it appears in the record is insufficient to show fraud and it is apparent that the trial judge based his decision largely upon "facts and circumstances transpiring upon the trial," which are not presented to the appellate court.

*Appeal from Polk District Court.*—HON W. A. SPURRIER, Judge.

THURSDAY, MAY 26, 1898.

IN March, 1895, defendant, Julia K. Howes, became a judgment debtor of the plaintiff. Prior to that time she was the owner of certain real estate described in the petition, and conveyed the same to

her co-defendant Sanford. This action is brought, asking that the conveyance be adjudged void as to plaintiff, because made to defraud her in the collection of her judgment. The district court gave judgment for plaintiff, and defendant Sanford appealed.—*Reversed.*

*Barcroft & McCaughan* for appellant.

*Dunshee & Allen* and *A. P. Smith* for appellee.

GRANGER, J.—The controlling question is as to the fraud charged which is denied. The district court presented an opinion showing its reasons for the conclusion, from which it is apparent that the fact of fraud was so doubtful that it could not be sustained, except for "facts and circumstances transpiring upon the trial." Among the facts so relied upon by the district court is that of the husband of Mrs. Sanford being present in the court during the trial, "taking an exceedingly active part in the direction and management of her case." It seems that he had been her agent in the transactions charged as fradulent, and other transactions. Judging from the record, much importance and weight must have been given to this and other matters at the trial, that do not appear in the record, and could not well be made to appear. Independent of such considerations, we regard the evidence as insufficient to sustain the claim of fraud. Mr. Sanford was not a witness, and the court seems to have been of the opinion that he should have been made one by Mrs. Sanford, to explain matters favorable to her, if true; and because of this failure, and an evident impression, because of Sanford's interest at the trial, that he could have made such explanations, the court has assumed what was not otherwise proven. This situation fairly appears from the opinion. As the record is presented here, we have not the facts that in part induced the conclusion of the district court; and, as we have said, the evidence, as it appears here, is not a showing of fraud. It is a question of fact, and we will not discuss the evidence. The judgment must stand REVERSED.